# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District of New York |
|---|---|
| Name (under which you were convicted): Mohamed Taher | Docket or Case No.: 09CR135S |
| Place of Confinement: FCI Fort Dix | Prisoner No.: 11646-055 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Mohamed Taher |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court, Western District of New York, William M. Skretny, J.

   (b) Criminal docket or case number (if you know): 09CR135S

2. (a) Date of the judgment of conviction (if you know): 7/11/2013

   (b) Date of sentencing: 4/4/2014

3. Length of sentence: 300 months

4. Nature of crime (all counts):

   Continuing criminal enterprise, False statements, Aggravated identity theft

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Second Circuit Court of Appeals

(b) Docket or case number (if you know):

(c) Result: Affirmed

(d) Date of result (if you know): 9/28/2016

(e) Citation to the case (if you know): United States v. Taher, 663 Fed. Appx. 28

(f) Grounds raised:

See memorandum of law for detailed explanation. The memorandum of law is incorporated by reference herewith as if set forth at length hereat.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

Certiorari denied

(3) Date of result (if you know): 2/21/2017

(4) Citation to the case (if you know): Taher v. United States, 2017 U.S. Lexis 1061

(5) Grounds raised:

See memorandum of law for details

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: District Court

(2) Docket or case number (if you know): 09CR135S

(3) Date of filing (if you know):

(4) Nature of the proceeding: motion for judgment of acquittal under Rule 29

(5) Grounds raised:

Motion to vacate sentences for lesser included conspiracies under Rutledge. See memorandum of law for details.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❑ No ☑

(7) Result: Granted

(8) Date of result (if you know): 3/30/2014

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ❑ No ❑

(2) Second petition: Yes ❑ No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:

The conviction was obtained and sentence imposed in violation of the right to effective assistance of

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

counsel. See memorandum of law for details. The memorandum of law is incorporated by reference herewith as if set forth at length hereat. Suppression hearing counsel's performance was deficient for making a concession that the stop of Petitioner's car was legal when it was not. At minimum, the decision to concede the issue was not in Petitioner's interest and it deprived Petitioner of the right to appeal the issue assuming the district court found the stop to be legal. Trial counsel was ineffective for failing to object to the CCE instructions. He failed to make the right objections for the right reasons. For instance, he failed to object to the failure of the indictment to identify with specificity the predicate acts that comprised the "series of felony violations." The two conspiracies could not be counted as a "series of violations" because they occurred at the same time. The telephone violations could not be considered because there were no facts that the phones were used to facilitate the marijuana offenses. The failure of the indictment to identify the predicate acts violated Jones/Alleyne. One of the jurors slept during the trial. The failure to call the district court's attention to the sleeping juror denied a fair trial.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

The district court's instructions constructively amended the indictment and helped the government

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

convict Petitioner of the CCE and the conspiracies. The indictment charged two conspiracies involving more than 100 kilograms of marijuana. Drug quantity is an element of the offense. Yet, the district court instructed the jury that the government did not have to prove the 100 kilogram element with respect to either the conspiracy to import or the conspiracy to possess with intent to distribute. The instructions constructively amended the indictment and helped the government convict Petitioner. The Petitioner does not have to show prejudice but the jury's answers to interrogatories prove the prejudice. The jury found that neither conspiracy involved 100 kilograms of marijuana which means the government did not prove either of the charged conspiracies alleged in the indictment. In addition, the district court's instructions did not require specific findings of fact regarding the predicate acts or identification of the people organized or managed. The instructions made it substantially easier for the government to convict Petitioner. As such the instructions amended the indictment to conform to the proof at trial. The instructions also violated Alleyne which requires the government to prove each and every element of a criminal offense beyond a reasonable doubt where the facts involved trigger a mandatory minimum penalty. Here, the CCE carries mandatory minimum of twenty (20) years. Therefore, the instructions should have required the jury to identify the series of predicate acts with specificity, and the persons managed with specificity. The memorandum of law is incorporated by reference herewith as if set forth hereat.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

ineffective assistance of counsel

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

Rodney Personius, Esq.

(d) At sentencing:

Rodney Personius, Esq.

(e) On appeal:

Randa D. Maher, Esq.

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The motion is timely if filed before 2/21/18

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate all sentences and schdule a new trial

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

Cheryl J. Sturm, attorney at Law
387 Ring Road
Chadds Ford, PA 19317
484-771-2000

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year).

Executed (signed) on Mohamed Taher (date).
Jan-24-2018

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.

Executed (signed) on Mohamed Taher Jan. 18 2018 (date)

Signature of Movant M. Taher

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.