UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                        **DECISION AND ORDER**
                                                                         09-CR-135S (2)

MOHAMED TAHER,

            Defendant.

---

## I. INTRODUCTION

Presently before this Court is Defendant Mohamed Taher's *pro se* motion for disclosure of grand jury materials to assist in his filing of a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 590.) Taher seeks these materials to challenge his conviction for engaging in a Continuing Criminal Enterprise ("CCE"), 21 U.S.C. § 848 (a)(1). (Docket No. 431.) In particular, Taher intends to attack the instructions given and information provided to the grand jury that led to its return of the CCE charge in the superseding indictments against him. (Docket Nos. 147, 197.) The government opposes the motion. (Docket No. 597.) For the following reasons, Taher's motion is denied.

## II. BACKGROUND

On April 27, 2011, a federal grand jury returned a six-count Third Superseding Indictment against Taher. (Docket No. 197.) Count 1 charged Taher with engaging in a CCE between January 2006 and May 2007, in violation of 21 U.S.C. § 848 (a). Counts 2 and 3 charged Taher with conspiring to distribute (Count 2) and conspiring to import

1

(Count 3) 100 kilograms or more of marijuana during the same time period, in violation of 21 U.S.C. §§ 846 and 963. Count 4 charged Taher with bulk cash smuggling on or about January 6, 2006, in violation of 31 U.S.C. §§ 5332 (a)(1) and (b) and 18 U.S.C. § 2. Count 5 charged Taher with making a false statement on April 14, 2007, in violation of 18 U.S.C. § 1001 (a)(2). Count 6 charged Taher with aggravated identity theft on April 14, 2007, in violation of 18 U.S.C. § 1028A (a)(1).

Trial began on June 13, 2013, and concluded on July 11, 2013. Upon the close of the government's proof, this Court denied Taher's Rule 29 motion. (Docket No. 421.) The jury subsequently found Taher guilty on Counts 1, 2, 3, 5, and 6. (Docket No. 431.) It acquitted him on Count 4. Id. As to Counts 2 and 3, the jury found that Taher conspired to distribute, and conspired to import, at least 50 kilograms but less than 100 kilograms of marijuana, as opposed to the 100 kilograms or more of marijuana charged in the indictment. Id.

On March 30, 2014, this Court vacated Taher's convictions on Counts 2 and 3 after finding that they are lesser included offenses of the CCE charge in Count 1. See United States v. Taher, No. 09-CR-135S (2), 2014 WL 1315254, at *2 (W.D.N.Y. Mar. 30, 2014); see Rutledge v. United States, 517 U.S. 292, 307, 116 S. Ct. 1241, 1250-51, 134 L.Ed.2d 419 (1996) (requiring that lesser included conspiracy offenses of a continuing criminal enterprise conviction be vacated).

On April 2, 2014, this Court sentenced Taher to, *inter alia*, an aggregate term of 300 months' imprisonment and 5 years' supervised release for his convictions on Counts 1, 5, and 6. The United States Court of Appeals for the Second Circuit affirmed Taher's

convictions and sentence on September 28, 2016.  See United States v. Taher, 663 Fed. Appx. 28 (2d Cir. Sept. 28, 2016).  The United States Supreme Court denied Taher's petition for writ of certiorari on February 21, 2017.  See Taher v. United States, 137 S. Ct. 1110, 197 L. Ed. 2d 213 (2017).

### III.  DISCUSSION

**A.  Proceedings Before the Grand Jury**

The grand jury is its own constitutional fixture, separate from all three branches of government.  See United States v. Williams, 504 U.S. 36, 47, 112 S. Ct. 1735, 118 L. Ed. 2d 352 (1992).  It acts as a referee of sorts between the government and the people. Id. at 47.  It has broad investigative power and can "investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not." United States v. R. Enters., Inc., 498 U.S. 292, 297, 111 S. Ct. 722, 726, 112 L. Ed. 2d 795 (1991).  The grand jury can keep secret the targets of its investigation, can rely on evidence obtained in violation of the Fourth and Fifth Amendments, and can consider hearsay testimony.  See United States v. Calandra, 414 U.S. 338, 346, 350, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974) (reaffirming the Court's "disinclination to allow litigious interference with grand jury proceedings").  The judiciary's relationship with the grand jury is largely administrative and supervisory—convening the body, administering oaths, issuing subpoenas—but courts do retain authority to dismiss returned indictments.  See id. at 48.

Dismissal of an indictment due to defects in grand jury proceedings is "the most drastic remedy, and thus is rarely used."  United States v. Dyman, 739 F.2d 762, 768

(2d Cir. 1984); see also United States v. Costello, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."). Courts may, however, remedy misconduct before the grand jury that prejudices a defendant when prosecutors violate one of the "few, clear rules which were carefully drafted and approved by [the United States Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." United States v. Mechanik, 475 U.S. 66, 74, 106 S. Ct. 93, 89 L. Ed. 2d 50 (1986)(O'Connor, J. concurring); Bank of Novia Scotia v. United States, 487 U.S. 250, 254, 108 S. Ct. 2369, 101 L. Ed. 2d 228 (1998) ("as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants"). Dismissal is appropriate "'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Novia Scotia, 487 U.S. at 256 (quoting Mechanik, 475 U.S. at 78).

A presumption of regularity therefore attaches to grand jury proceedings. See United State v. Rankin, No. 3:18-cr-272 (JAM), 2019 WL 6044741, at *14 (D. Conn. Nov. 15, 2019) (citing United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994)). Disclosure of grand jury materials is permitted only when a defendant demonstrates a particularized "compelling necessity" that outweighs the government's strong interest in secrecy. United States v. Proctor & Gamble Co., 356 U.S. 677, 682-83, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958); see also Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 221-22,

99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). Purely conclusory or speculative allegations will not do. See United States v. Richards, 94 F. Supp. 2d 304, 314 (E.D.N.Y. 2000) ("The strong presumption of regularity in grand jury proceedings cannot be outweighed by purely conclusory or speculative allegations of misconduct.").

**B.     Taher's Motion for Grand Jury Disclosure**

Taher seeks access to grand jury materials to discover the genesis of the CCE count against him. He wants to know why the count was returned, how the grand jury was instructed, who was identified as participating, and what predicate offenses were presented. (Docket No. 590.) The government contends that Taher has failed to establish that he is entitled to such information.[1] (Docket No. 597.)

It is well settled that a properly-returned indictment cannot be challenged on the basis that inadequate or incompetent evidence was presented to the grand jury. See Costello, 350 U.S. at 363-64; Williams, 487 U.S. at 261 (holding that "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment"). Further still, the United States Supreme Court has warned that "[a] complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" Williams, 504 U.S. at 54.

This is what Taher suggests here. He seeks the grand jury materials to challenge the adequacy and competency of the evidence presented and the instructions given to the grand jury. But entertaining such challenges "would run counter to the whole history

---

1 As noted in the government's response, Taher was provided certain grand jury transcripts in advance of trial, including the transcripts of testimony from at least eight witnesses. (Docket No. 597, pp. 6-7.)

of the grand jury institution, and neither justice nor the concept of a fair trial requires it." Id. at 54-55 (citing Costello, 350 U.S. at 364). And in any event, Taher makes no particularized allegation or showing of prosecutorial misconduct or any other actionable irregularity before the grand jury. His motion must therefore be denied. See Rankin, 2019 WL 6044741, at *14 ("[A]n indictment is not subject to challenge or dismissal simply because a defendant doubts the validity of what evidence was presented to the grand jury.")

### IV.  CONCLUSION

Taher has failed to set forth a valid particularized need for the grand jury materials he seeks, and certainly not one that outweighs the strong interests in maintaining the secrecy of grand jury proceedings. His motion for disclosure of grand jury materials must therefore be denied.

### V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for Disclosure (Docket No. 590) is DENIED.

SO ORDERED.

Dated:  February 20, 2020
        Buffalo, New York

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge