UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

MOHAMED TAHER,

             Defendant.

**DECISION AND ORDER**
09-CR-135S (2)

## I. INTRODUCTION

Presently before this Court is pro se Defendant Mohamed Taher's Motion to Reduce Sentence, which the government opposes.  See 18 U.S.C. § 3582 (c)(1)(A).  For the reasons discussed below, Taher's motion is denied for want of jurisdiction due to his pending appeal before the United States Court of Appeals for the Second Circuit.

## II. BACKGROUND

On April 27, 2011, a federal grand jury returned a six-count Third Superseding Indictment against Taher and others.  (Docket No. 197.)  Count 1 charged Taher with engaging in a continuing criminal enterprise ("CCE") between January 2006 and May 2007, in violation of 21 U.S.C. § 848 (a).  Counts 2 and 3 charged Taher with conspiring to distribute (Count 2) and conspiring to import (Count 3) 100 kilograms or more of marijuana during the same time period, in violation of 21 U.S.C. §§ 846 and 963.  Count 4 charged Taher with bulk cash smuggling on or about January 6, 2006, in violation of 31 U.S.C. §§ 5332 (a)(1) and (b) and 18 U.S.C. § 2.  Count 5 charged Taher with making a false statement on April 14, 2007, in violation of 18 U.S.C. § 1001 (a)(2).  Count 6 charged Taher with aggravated identity theft on April 14, 2007, in violation of 18 U.S.C. § 1028A (a)(1).

1

Trial began on June 13, 2013, and concluded on July 11, 2013.  Upon the close of the government's proof, this Court denied Taher's Rule 29 motion.  (Docket No. 421.) The jury subsequently found Taher guilty on Counts 1, 2, 3, 5, and 6.  (Docket No. 431.) It acquitted him on Count 4.  Id.  As to Counts 2 and 3, the jury found that Taher conspired to distribute, and conspired to import, at least 50 kilograms but less than 100 kilograms of marijuana, as opposed to the 100 kilograms or more of marijuana charged in the indictment.  Id.

The government's proof at trial essentially established that after being released from prison in 2005, Taher began leading a marijuana-distribution network that operated at least from early 2006 to May 2007 in the Western District of New York, Canada, Detroit, and Chicago.  Taher was the "central figure" and recruited, organized, supervised, and managed numerous individuals in the importation of marijuana from Canada for distribution in the United States.  See United States v. Taher, 663 F. App'x 28, 30 (2d Cir. Sept. 28, 2016) (summary order) (identifying Taher as "a central figure" and finding that "sufficient evidence existed for the jury to find that Taher supervised at least six other individuals").  Taher sent individuals under his supervision to Canada to load vehicles with marijuana for female drivers to bring over the border to waiting members of the distribution network, who would then distribute the marijuana in the Buffalo, Detroit, and Chicago areas under Taher's direction.  Taher generated income and resources from this drug-trafficking organization, as demonstrated in part by the government's proof of over $75,000 in seizures alone.

On March 30, 2014, this Court granted a portion of Taher's post-trial Rule 29 motion, vacating his convictions on Counts 2 and 3 on the basis that they are lesser

included offenses of the CCE charge in Count 1.  See United States v. Taher, No. 09-CR-135S (2), 2014 WL 1315254, at *2 (W.D.N.Y. Mar. 30, 2014); see Rutledge v. United States, 517 U.S. 292, 307, 116 S. Ct. 1241, 1250-51, 134 L.Ed.2d 419 (1996) (requiring that lesser included conspiracy offenses of a continuing criminal enterprise conviction be vacated).  In all other respects, Taher's post-trial motion was denied.  See Taher, 2014 WL 1315254.

On April 2, 2014, this Court sentenced Taher to, *inter alia*, an aggregate term of 300 months' imprisonment and 5 years' supervised release for his convictions on Counts 1, 5, and 6.  Taher thereafter appealed to the United States Court of Appeals for the Second Circuit, which affirmed on September 28, 2016.  See Taher, 663 F. App'x 28. The United States Supreme Court subsequently denied Taher's petition for writ of certiorari on February 21, 2017.  See Taher v. United States, 137 S. Ct. 1110, 197 L. Ed. 2d 213 (2017).

On January 31, 2018, Taher collaterally challenged his convictions and sentence in a timely Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 592.)  This Court denied Taher's motion on February 20, 2020, see Taher v. United States, 18-CV-162S, 09-CR-135S (2), 2020 WL 838607 (W.D.N.Y. Feb. 20, 2020), and after unsuccessfully moving for reconsideration, see Docket Nos. 602-605, Taher filed a Notice of Appeal, see Docket No. 608.

Taher's appeal remains pending.

## III. DISCUSSION

Taher seeks a reduction in his sentence to time served under 18 U.S.C. § 3582 (c)(1)(A)(i) due to his risk of contracting COVID-19 while incarcerated.  To secure a

sentence reduction under this statute, the defendant must demonstrate (1) satisfaction of the statutory exhaustion requirement, (2) extraordinary and compelling reasons for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions.  See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020).  If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute.  See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *1-2 (D. Conn. Mar. 19, 2020).

Here, however, this Court lacks jurisdiction to entertain Taher's motion due to the appeal pending before the Second Circuit.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")  Because Taher's convictions and sentence are at issue before the Second Circuit, this Court lacks jurisdiction to entertain his present motion for a substantive modification of his sentence.  See United States v. Campbell, 6:06-CR-6105 EAW, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) (finding lack of jurisdiction over § 3582 (c) motion due to pending appeal); United States v. Zimny, No. 13-CR-10024-RWZ, 2020 WL 2475646, at *1 (D. Mass. May 13, 2020) (finding lack of jurisdiction over § 3582 (c) motion where appeal from denial of § 2255 petition was pending).

Accordingly, this Court will deny Taher's motion.  See Fed. R. Crim. P. 37 (a)(2) (authorizing courts to deny motions made for relief that the court lacks authority to grant

because of an appeal that has been docketed and is pending).

In doing so, this Court notes that Taher is young (41) and has not demonstrated any medical conditions that place him at high risk for COVID-19, see, e.g., United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release motion where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19), nor has he demonstrated that the Bureau of Prisons is unable or unwilling to combat the coronavirus at his facility (FCI Allenwood Low), see United States v. Gagne, No. 3:18-cr-242 (VLB), 2020 WL 1640152, at *4 (D. Conn. Apr. 2, 2020) (denying compassionate release where the defendant failed to show "that the [Bureau of Prisons] cannot adequately manage the [COVID-19] pandemic or treat her to a reasonable degree"); Gileno, 2020 WL 1307108, at *4 ("Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno."). Rather, Taher simply expresses a general concern about contracting COVID-19, which is not a basis for sentence modification. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its

extensive and professional efforts to curtail the virus's spread"); <u>United States v. Eberhart</u>, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13").

## IV. CONCLUSION

For the reasons stated above, Taher's motion to reduce sentence is denied for want of jurisdiction in light of his pending appeal before the United States Court of Appeals for the Second Circuit.

## V. ORDER

IT HEREBY IS ORDERED, that Taher's Motion to Reduce Sentence (Docket No. 607) is DENIED.

SO ORDERED.

Dated:     June 26, 2020
           Buffalo, New York

                                   s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                   United States District Judge